IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE BARBOSA, LASZLO KAKUK, and JUAN LEINIZ,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTV, INC., DIRECTV, LLC, and MULTIBAND CORP.,<br><br>Defendants. | Case No. 1:14-cv-13896<br><br>DEMAND FOR JURY TRIAL |

**DEFENDANT DIRECTV'S MOTION TO
DISMISS THE COMPLAINT AGAINST DIRECTV**

Defendant DIRECTV[1] hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint against DIRECTV.

Plaintiffs' Complaint should be dismissed for failure to state a plausible claim against DIRECTV. As an initial matter, Plaintiffs failed to plead the facts necessary to state a plausible claim that DIRECTV was their employer. Indeed, the Complaint fails to even identify the specific entity or entities with whom DIRECTV allegedly jointly employed each Plaintiff.

Additionally, Plaintiffs' minimum wage claims should be dismissed because Plaintiffs have failed to plead any facts that would support an inference that the alleged off-the-clock work, charge backs and failure to reimburse business expenses caused any of them to receive an effective wage below the applicable minimum wage in any workweek. Plaintiffs' overtime

---

[1] Effective January 1, 2012, DIRECTV, Inc. merged into DIRECTV, LLC and out of existence. Accordingly, although Plaintiffs have named two Defendants, only one, DIRECTV, LLC, currently exists. Throughout this Motion and its supporting materials, DIRECTV, Inc. and DIRECTV, LLC are collectively referred to as DIRECTV.

claims should also be dismissed because Plaintiffs wholly fail to identify any single workweek in which they worked over 40 hours and did not receive overtime for the hours worked over 40.

Even assuming that Plaintiffs' Complaint did set forth the minimal facts necessary to state a FLSA claim against DIRECTV (it does not), the Complaint fails to sufficiently plead "willfulness" to invoke a three-year, rather than two-year, statute of limitations.  For this reason (among others), the FLSA claims of Plaintiffs Juan Leiniz and Laszlo Kakuk are barred in whole or in part by the two-year statute of limitations.

Finally, because his sole federal claim (under the FLSA) must be dismissed for failure to state a claim upon which relief can be granted, Plaintiff Kakuk's Massachusetts state law claims (Counts II and III of the Complaint) should be dismissed for lack of subject matter jurisdiction.

The basis for the Motion is further explained in the attached Memorandum of Law, which is incorporated herein.

## CERTIFICATION UNDER L.R. 7.1(A)(2)

Defendants' counsel certifies that they have met and conferred with the Plaintiffs' counsel and were unable to resolve or narrow the issues.

**Respectfully submitted,**

*/s/ Bronwyn L. Roberts*
Bronwyn L. Roberts, BBO #17157
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA  02110-1724
Tel: (857) 488-4200
Fax: (857) 488-4201
Email: blroberts@duanemorris.com

Michael Tiliakos (*Pro Hac Vice Pending*)
Natalie F. Hrubos (*Pro Hac Vice Pending*)
DUANE MORRIS LLP

        1540 Broadway
        New York, N.Y. 10036-4086
        Telephone:  (212) 471-1843
        Facsimile:   (215) 405-3710
        Email:  MTiliakos@duanemorris.com
        Email:  NFHrubos@duanemorris.com

        *Attorneys for Defendant DIRECTV*

Dated:  February 5, 2015

DM2\5333943.2

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 5th day of February, 2015.

>   */s/ Bronwyn L. Roberts*
>   Bronwyn L. Roberts

DM2\5333943.2