IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE BARBOSA, LASZLO KAKUK, and JUAN LEINIZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>DIRECTV, INC., DIRECTV, LLC, and MULTIBAND CORP.,<br><br>        Defendants. | Case No. 1:14-cv-13896<br><br><br><br>DEMAND FOR JURY TRIAL |

**DEFENDANT MULTIBAND'S MOTION TO
DISMISS THE COMPLAINT AGAINST MULTIBAND**

Defendant Multiband Corp. ("Multiband") hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint against Multiband.

First, Plaintiffs' claims against Multiband should be dismissed as time-barred. Specifically, the claims made against Multiband by Plaintiff Jose Barbosa are barred in whole by the two-year FLSA statute of limitations. The claims made against Multiband by Plaintiff Laszlo Kakuk are barred in part by the two-year FLSA statute of limitations. Despite Plaintiffs' barebones allegation to the contrary, there are insufficient facts in the Complaint to support a three-year statutory period or equitable tolling. Also, the relation-back doctrine does not save their claims.

Second, even assuming some or all of Plaintiffs' claims are not barred against Multiband by the two-year FLSA statute of limitations, Plaintiffs' Complaint should be dismissed in its entirety for failure to state plausible FLSA claims against Multiband. Specifically, Plaintiffs' overtime claims should be dismissed because Plaintiffs wholly fail to identify any single workweek in which they worked over 40 hours and did not receive overtime for the hours

worked over 40.  Plaintiffs' minimum wage claims should also be dismissed because Plaintiffs have failed to plead any facts that would support an inference that the alleged off-the-clock work, charge backs and failure to reimburse business expenses caused any of them to receive an effective wage below the applicable minimum wage in any workweek.

Finally, because his sole federal claim (under the FLSA) must be dismissed for failure to state a claim upon which relief can be granted, Plaintiff Kakuk's Massachusetts state law claims (Counts II and III of the Complaint) should be dismissed for lack of subject matter jurisdiction.

The basis for the Motion is further explained in the attached Memorandum of Law, which is incorporated herein.

## CERTIFICATION UNDER L.R. 7.1(A)(2)

Defendants' counsel certifies that they have met and conferred with the Plaintiffs' counsel and were unable to resolve or narrow the issues.

**Respectfully submitted,**

*/s/ Bronwyn L. Roberts*
Bronwyn L. Roberts, BBO #17157
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA  02110-1724
Tel: (857) 488-4200
Fax: (857) 488-4201
Email: blroberts@duanemorris.com

Michael Tiliakos (*Pro Hac Vice Pending*)
Natalie F. Hrubos (*Pro Hac Vice Pending*)
DUANE MORRIS LLP
1540 Broadway
New York, N.Y. 10036-4086
Telephone:  (212) 471-1843
Facsimile:   (215) 405-3710

2

Email:  MTiliakos@duanemorris.com
Email:  NFHrubos@duanemorris.com

*Attorneys for Defendant Multiband*


Dated:  February 5, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 5th day of February, 2015.

*/s/ Bronwyn L. Roberts*      
Bronwyn L. Roberts
